RELIABLE MATCH COMPANY v. A. A. PRICE and Others.[1]

July 23, 1909.

Nos. 16,205—(94).

**Parol Evidence Inadmissible.**
> The contract referred to in this opinion embraced the entire agreement of settlement concerning prior shipments of merchandise.

**Directed Verdict Correct.**
> According to the undisputed evidence the $550 referred to in the contract became due on appellant's refusal to accept a subsequent tender of merchandise, and the trial court was warranted in directing a verdict for respondent for that amount, less certain credits.

Action in the district court for Ramsey county to recover $448.80 for merchandise sold. The answer alleged a compromise and payment in full. The case was tried before Bunn, J., who directed a verdict in favor of plaintiff for $232.10. From an order denying defendants'

[1] Reported in 122 N. W. 461.

motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Percy D. Godfrey,* for appellants.

*Gilbert & Greenman,* for respondents.

LEWIS, J.

Respondent brought this action to recover the sum of $448.80 for the balance claimed to be due on merchandise, consisting of matches, sold between the fourteenth day of November, 1905, and the first day of October, 1906. The answer alleged as a defense that appellants had paid out for the account of respondent certain sums for freight, and had returned certain merchandise not accounted for, and that respondent had not accounted for a certain credit allowed because of defective goods, and pleaded a contract between the parties of date June 5, 1906, which reads:

"St. Paul, Minn., June 5, 1906.

"Price, Robbins & Newton,

St. Paul, Minn.

"Gentlemen: Our proposition to you for a satisfactory adjustment of the losses sustained by you in the sale of our last car of matches shipped you is as follows: We will allow you to hold as a guaranty of good faith a balance due us for $550, against which we will allow you a credit rebate on the first thousand cases of Parlor Composition Magic Tips to be shipped you of 55 cents per case. It is understood that you are to hold the $550 as a guaranty until the entire thousand cases have been delivered to your satisfaction, which will wipe out this rebate, and the amount of $550 shall then become due with the last invoice covering the thousand cases.

"If this is satisfactory to you, your written acceptance hereon will constitute an agreement between us covering this adjustment.

"Yours truly,

"Reliable Match Co.,

"Per A. H. Landedeh.

"(Paid July 22, 1907.) St. Paul, Minn.

"Accepted.              "Price, Robbins & Newton,

"Per R. L. Robbins."

The trial court directed a verdict for respondent for $232.10, and appellants claim error on the ground that the court misconstrued the contract, and that according to the evidence there was a disputed question as to the amount due which would have been submitted to the jury.

The merchandise consisted of matches manufactured by respondent at Ashland, Ohio. Four carload shipments were made. The first, on November 14, 1905, was paid for in full, and there is no controversy in regard to it. The second was of date February 16, 1906, and the contract of settlement above quoted was executed with reference to the three hundred and thirty-five cases of "Magic Tips" matches contained in this shipment. The third carload was shipped July 11, 1906, and contained three hundred eighty cases of "Magic Tips." The fourth car, shipped October 1, 1906, contained four hundred cases of "Magic Tips." According to the undisputed evidence, appellants made objection to the quality of the "Magic Tips" matches contained in the second shipment, whereupon a controversy arose, and the contract of June 5, 1906, was executed in settlement of the dispute.

Appellants' position is that the $550 mentioned in the contract was intended to be a permanent credit conceded to them on account of the poor quality of the "Magic Tips" matches in the second shipment; whereas, respondent claims that appellants were to retain the sum of $550 then due as a guaranty for the performance of the contract that respondent would allow a rebate of fifty-five cents per case on the first thousand cases of "Magic Tips" to be shipped thereafter, and that, when the thousand cases of the proper quality had been delivered, then the $550 so retained as a guaranty should become due and payable.

The evidence was conclusive that subsequent to the execution of this contract respondent delivered by the third and fourth shipments 780 cases of "Magic Tips" matches, and was ready and willing to deliver the other 220 cases (to make the one thousand cases), but that appellants refused to accept the same. The trial court construed the contract in accordance with the respondent's view, and held that the $550 was not a permanent credit, but was left in the possession of appellants as a guaranty for the performance of the agreement to de-

liver a thousand cases at a rebate of fifty-five cents per case, and arrived at the amount due by deducting fifty-five cents per case on the 220 cases not delivered, and certain other undisputed amounts claimed to have been paid by appellants.

It is our opinion that the contract embodied the entire agreement between the parties with reference to the controversy prior to and at the date of its execution, and hence parol testimony regarding the nature of the agreement was inadmissible. The books of account offered by appellants were not admissible, there being no dispute as to the facts. The court correctly construed the contract, and was warranted in directing a verdict for the amount stated.

Affirmed.